UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KHALFANI HOWARD, | ) No. ED CV 09-2116-PLA |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on November 19, 2009, seeking review of the Commissioner's denial of his application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on December 8, 2009, and December 23, 2009. Pursuant to the Court's Order, the parties filed a Joint Stipulation on July 15, 2010, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on August 5, 1981. [Administrative Record ("AR") at 64, 67.] He has an eleventh grade education and has completed one year of college [AR at 78, 364-65], and has past relevant work experience as an aide for the blind and a security guard. [AR at 73, 109-16, 362, 408-09, 519.]

On August 12, 2005, plaintiff protectively filed his application for Supplemental Security Income payments, alleging that he has been unable to work since January 30, 2005, due to, among other things, depression, anxiety, paranoia, suicidal tendencies, and memory loss. [AR at 11, 16, 29-30, 64-67, 137.] After his application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 28-34, 37-41.] A hearing was held on August 7, 2007, at which time plaintiff appeared with counsel and testified on his own behalf. A vocational expert and a medical expert also testified. [AR at 358-90.] On August 29, 2007, the ALJ determined that plaintiff was not disabled. [AR at 8-21.] The Appeals Council denied plaintiff's request for review of the hearing decision on October 17, 2007. [AR at 3-6.] On December 14, 2007, plaintiff filed a complaint in this Court in Case No. ED CV 07-1523-PLA. [See AR at 478.] On February 17, 2009, the Court entered judgment for plaintiff and remanded the case back to the ALJ for further proceedings. [AR at 477-87.] On remand, the ALJ held another hearing on May 19, 2009, at which time plaintiff appeared with counsel and again testified on his own behalf. Plaintiff's mother and a medical expert also testified. [AR at 405-35.] On September 9, 2009, the ALJ issued an opinion again finding plaintiff not disabled. [AR at 391-404.] This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial

2

evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id.

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since August 12, 2005, the date of the application. [AR at 396.] At step two, the ALJ concluded that plaintiff has the following "severe" impairments: "a learning disorder; a mood disorder, not otherwise specified (NOS), with some bipolar features; borderline intellectual functioning; personality disorder; and substance abuse (ongoing occasional use of marijuana and alcohol)." [Id.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[1] to "perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to moderately complex tasks, up to four to five

---

[1] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

steps of instructions; object oriented work; no intensely emotionally charged interactions; no safety operations; and no operation of hazardous machinery. [Plaintiff] can have normal interaction with supervisors and is not prohibited from being around people. He can handle being criticized or corrected by a supervisor on the job with a normal range of comments." [AR at 398.] At step four, the ALJ concluded that plaintiff was not capable of performing his past relevant work. [AR at 402.] At step five, the ALJ found, based on use of the Medical-Vocational Rules as a framework and the vocational expert's 2007 hearing testimony, that plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." [See AR at 403-04.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 404.]

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ failed to properly: (1) consider the state agency physician's opinion; (2) pose a complete hypothetical question to the vocational expert; (3) determine that plaintiff can perform other work; (4) consider the treating physician's opinion; and (5) develop the record. [Joint Stipulation ("JS") at 3.] As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

**THE ALJ'S RFC DETERMINATION AND THE VOCATIONAL EXPERT'S TESTIMONY**

Plaintiff contends that the "ALJ's RFC finding is problematic" because it did not encompass plaintiff's mental limitations as assessed by Dr. N. Haroun and Dr. Joseph Malancharuvil, who are both nonexamining physicians. [See JS at 3-5.] Plaintiff further contends that the ALJ erred in finding him not disabled by relying on the vocational expert's testimony that was responsive to hypothetical questions that did not include all of plaintiff's limitations assessed by Dr. Haroun and Dr. Malancharuvil. [See JS at 11-13.]

In determining plaintiff's disability status, the ALJ had the responsibility to determine plaintiff's RFC after considering "all of the relevant medical and other evidence" in the record, including all medical opinion evidence. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c), 416.945(a)(3),

416.946(c); see Social Security Ruling[2] 96-8p, 1996 WL 374184, at *5, *7.  Similarly, "[t]he hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'  Thus, an RFC that fails to take into account a claimant's limitations is defective."  Valentine v. Comm'r Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original) (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)).

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).  See 20 C.F.R. §§ 404.1502, 404.1527 (as amended by 75 FR 62676-01 (Oct. 13, 2010)), 416.902, 416.927 (as amended by 75 FR 62676-01); see also Lester, 81 F.3d at 830.  Generally, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant.  Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  Despite the presumption of special weight afforded to treating physicians' opinions, an ALJ is not bound to accept the opinion of a treating physician.  However, the ALJ may only give less weight to a treating physician's opinion that conflicts with the medical evidence if the ALJ provides explicit and legitimate reasons for discounting the opinion.  See Lester, 81 F.3d at 830-31 (the opinion of a treating doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record); see also Orn, 495 F.3d at 632-33 ("Even when contradicted by an opinion of an examining physician that constitutes substantial evidence, the treating physician's opinion is 'still entitled to deference.'") (citations

---

[2]   Social Security Rulings ("SSR") do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

omitted); SSR 96-2p (a finding that a treating physician's opinion is not entitled to controlling weight does not mean that the opinion is rejected).

The Regulations provide that although ALJs "are not bound by any findings made by [nonexamining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled" because such specialists are regarded as "highly qualified ... experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (as amended by 75 FR 62676-01). The Regulations further provide that "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii) (as amended by 75 FR 62676-01). See also SSR 96-6p ("Findings ... made by State agency medical and psychological consultants ... regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions.").

**1. The Nonexamining Physicians' Opinions**

On December 22, 2008, Dr. Haroun, a nonexamining state agency physician, completed a Mental Residual Functional Capacity Assessment ("MRFCA"), in which he opined that plaintiff is moderately limited in his abilities to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the general public; and respond appropriately to changes in the work setting. [See AR at 631-32.] Dr. Haroun also concluded that plaintiff is capable of performing "NP/SRT" (i.e., nonpublic, simple, repetitive tasks). [AR at 633, 635.]

At the August 2007 hearing, Dr. Malancharuvil opined as a nonexamining medical expert that plaintiff was "restricted to moderately complex tasks, object oriented" with "no prohibition of being around people, as long as there is no intensely emotionally charged interactions," and is

also restricted from performing "safety operations." [AR at 379-80.] At the May 2009 hearing, Dr. Malancharuvil opined that plaintiff can perform "just simple repetitive tasks." [AR at 417.] Specifically, while noting that plaintiff was "probably capable of more," Dr. Malancharuvil restricted plaintiff from work requiring "any type of complex instructions," "any type of calculations beyond simple mathematics," or "operat[ion] [of] any hazardous machinery." [Id.]

The ALJ reached identical RFC determinations in both the 2007 and 2009 decisions. [Compare AR at 14-15, with AR at 398.] In the 2009 decision, the ALJ represented that Dr. Malancharuvil "found no evidence in the clinical record to support greater limitations than adopted" in the ALJ's RFC determination and stated that he gave Dr. Malancharuvil's opinion "great weight." [AR at 400.] The ALJ also considered Dr. Haroun's opinion, including the moderate limitations assessed by Dr. Haroun as described above,[3] and stated that he found his opinion to be "consistent with Dr. Malancharuvil's testimony, thereby making [that testimony] more persuasive." [Id.] Despite the ALJ's assertion that he afforded Dr. Malancharuvil's opinion great weight and that he found Dr. Haroun's opinion to be consistent with Dr. Malancharuvil's findings, the ALJ did not include in the 2009 RFC determination **any** of the specific functional limitations assessed by Dr.

---

[3] The ALJ asserted in the 2009 decision that the term "moderately limited" is defined on the Social Security Administration Form HA 1152-93 (06-2006) as "more than a slight limitation in this area but is still able to function satisfactorily" and concluded that the moderate limitations assessed by Dr. Haroun were "no more than ... slight limitation[s]." [AR at 400, n.2.] However, the Court observes that the MRFCA form used by Dr. Haroun was not the same form identified by the ALJ; rather, the MRFCA is Form SSA-4734-SUP, which does not define the term "moderate limitation." [See AR at 631.] Indeed, according to HALLEX, the Administration's Hearings Appeals and Litigation Law Manual, form HA-1152 (i.e., the Medical Assessment of Ability to do Work-Related Activities (Mental) form) is to be used by consultative examiners, not state agency nonexamining physicians like Dr. Haroun. See Hallex I-2-5-20. Further, while HA-1152 forms provide five ratings for existing limitations, i.e., none, slight, moderate, marked, and extreme (see, e.g., Kerrigan v. Astrue, 2010 WL 55860, at *3 n.1 (W.D. Wash. Jan. 5, 2010)), the MRFCA form only has three ratings for existing limitations, i.e., not significantly limited, moderately limited, and markedly limited. [See AR at 631.] It is therefore not clear that the terms in the two forms carry the same definitions. Thus, the Court cannot adopt the ALJ's assumption that plaintiff's moderate limitations assessed by Dr. Haroun represent no more than slight limitations. See Johnson v. Astrue, 2009 WL 536603, at *6 (W.D. La. Feb. 4, 2009) (noting that in contrast to the HA-1152 form, the SSA-4734 form used in that case did not define the term "moderate," but that the SSA Program Operations Manual System DI 24510.063 states that the term "moderately limited" in form SSA-4734-F4-SUP means that the "individual's capacity to perform the activity is impaired").

Haroun in December 2008 (including the specific moderate limitations described above, or that plaintiff can perform only nonpublic, simple, repetitive tasks) or **most** of the functional limitations assessed by Dr. Malancharuvil during his 2009 hearing testimony (including that plaintiff can only perform simple repetitive tasks and is restricted from work requiring complex instructions or calculations beyond simple mathematics).

"Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) (finding that an ALJ's failure to explain why he disregarded medical evidence including, among other things, a state agency disability determination prevented "meaningful judicial review"). Here, because the ALJ did not include in the 2009 RFC determination all of the specific limitations assessed by Dr. Haroun in 2008 and most of the limitations assessed by Dr. Malancharuvil in 2009, it appears that the ALJ implicitly rejected these findings without providing any reason for doing so. This constitutes error because it prevents this Court from conducting a meaningful judicial review of the ALJ's decision. DeLoatche, 715 F.2d at 150. "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that ... [the] [C]ourt can determine whether the reasons for rejection were improper." Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981) (internal citation omitted). The ALJ's failure to expressly explain why he apparently rejected and did not include in the RFC determination Dr. Haroun's and Dr. Malancharuvil's opinions as discussed above warrants remand.[4] See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 96-8p,

---

[4] The Court observes that Dr. Haroun appeared to believe that his conclusion that plaintiff could perform only nonpublic, simple, repetitive tasks was consistent with the ALJ's RFC determination. [See AR at 635.] However, the Court finds that Dr. Haroun's nonpublic finding is inconsistent with the ALJ's assessment that plaintiff is "not prohibited from being around people" [see AR at 14, 398], and that the ability to perform simple, repetitive tasks is not consistent with the ALJ's finding that plaintiff can perform moderately complex tasks. See Meissl v. Barnhart, 403 F.Supp.2d 981, 984 (C.D. Cal. 2005) ("The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: 'short and simple instructions' and 'detailed' or 'complex' instructions.") (citing 20 C.F.R. § 416.969a(c)(1)(iii); 20 C.F.R., Pt. 404, Subpt. P, Appx. 1, § 12.00(C)(3) ("You may be able to sustain attention and persist at simple tasks but may still have difficulty with complicated tasks.")); see also Tamburro (continued...)

at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

### 2. The Vocational Expert's Testimony

The ALJ solicited vocational expert testimony at the 2007 administrative hearing, but not at the 2009 hearing.[5] The hypothetical question that the ALJ posed to the vocational expert at the 2007 hearing did not encompass any of the limitations assessed by Dr. Haroun in 2008. Nor did the hypothetical encompass Dr. Malancharuvil's 2009 hearing testimony that plaintiff can only perform simple repetitive tasks and is restricted from work involving complex instruction or calculations beyond simple mathematics. [See AR at 388-90.] In his 2009 decision, the ALJ stated that "[a]s the residual functional capacity assessment is unchanged, the vocational expert's previous testimony remains unchanged." [AR at 403.] He then relied on the vocational expert's 2007 testimony in finding plaintiff able to perform other work at step five of the sequential evaluation. [AR at 403-04.]

Since the ALJ based his hypothetical question to the vocational expert on an RFC determination that excluded the portions of Dr. Haroun's and Dr. Malancharuvil's findings described above, new vocational expert testimony may be necessary on remand if, after reconsidering the medical evidence discussed above, the ALJ credits any portion(s) of Dr. Haroun's and Dr. Malancharuvil's findings previously excluded from the RFC determination. See Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001) ("An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations."). Moreover, as new vocational expert testimony may be

---

[4](...continued)
v. Astrue, 2010 WL 129680, at *6-8 (C.D. Cal. Jan. 8, 2010) (ALJ erred in adopting an RFC assessment that a plaintiff could perform moderately complex tasks while failing to properly consider a conflicting RFC finding of a nonexamining physician that plaintiff could perform only simple, repetitive tasks). The ALJ is instructed to address this apparent inconsistency on remand.

[5] The Court observes that although a vocational expert, Sandra Fioretti, was apparently present at the 2009 hearing, she was not asked to testify. [See AR at 405-34.] On May 19, 2009, Ms. Fioretti submitted a Work Summary of plaintiff's past work. [See AR at 402, 519.]

warranted, the Court exercises its discretion not to address plaintiff's contention that the ALJ improperly concluded -- based in part on the vocational expert's testimony -- that plaintiff can perform other work.[6]  [See JS at 18-19.]

/
/
/
/
/
/
/
/
/
/
/

---

[6] Since the Court finds remand warranted for the reasons expressed above, the Court also exercises its discretion not to address plaintiff's remaining contentions of error.  The Court finds unconvincing, however, plaintiff's contention that the ALJ did not meet his burden to develop the record before reaching the 2009 decision because the ALJ did not contact treating physician Han V. Nguyen to clarify his treatment notes after the ALJ found them to be illegible. [See JS at 24-26; citing AR at 402, n.3.]  It is plaintiff's burden to present evidence proving that he was disabled during the period for which he seeks benefits.  See 20 C.F.R. §§ 404.1512(a), 416.912(a); Schauer v. Schweiker, 675 F.2d 55, 59 (2nd Cir. 1982); see also 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.").  Plaintiff was on notice that the ALJ found Dr. Nguyen's notes "substantially illegible" when he said as much in the 2007 decision.  [See AR at 17.]  Thus, it was plaintiff's burden to then provide the ALJ with legible copies of the treatment notes.  See, e.g., Thornwell v. Astrue, 2008 WL 5234289, at *6 (W.D.N.Y. Dec. 12, 2008) (noting that it was the plaintiff's burden to prove his disability claim and finding that he could not "prevail in his argument that the evidence he presented to the ALJ consisting of [his treating physician's] treatment notes ... were 'illegible' and, therefore, the ALJ was required to contact ... [the] treating physician to provide a legible copy"); Braley v. Barnhart, 2005 WL 1353371, at *3 (D. Me. June 7, 2005) (finding that the plaintiff "defaulted in her Step Two burden of production by failing to provide" legible copies of certain medical records, and concluding that "the commissioner cannot be faulted for failing to supply greater weight to an illegible document").

## VI.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate in order for the ALJ to reconsider the medical findings of Dr. Haroun and Dr. Malancharuvil, the RFC determination, and plaintiff's ability to perform other work at step five. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: October 19, 2010

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE